LAWSON (Case No. 8,151)                    [15 Fed. Cas. page 88]

the case are these: The bankrupt was carrying on a mill, and failed, and his household and his kitchen furniture, together with his stock were seized under execution and distress for rent, and left him without anything in the shape of property excepting his books. On the day of sale he took the oath and filed a petition in bankruptcy. The petition did not reach the clerk of the court until two days after the sale. I am of the opinion that the assignee can only allow the bankrupt one hundred dollars in money, by the laws of the state of Maryland, which amount is exempted from any levy and sale upon execution or other process. And the said parties requested that the same should be certified to your honor for your opinion thereon.

## Case No. 8,150.

In re LAWSON.

[2 N. B. R. 113 (Quarto, 44).] 1

District Court, D. Maryland. 1868.

BANKRUPTCY — ATTORNEY FOR CREDITORS AS ASSIGNEE.

There is nothing in the act to prevent an attorney for the creditors from being chosen and appointed assignee by them.

[In the matter of James H. Lawson, a bankrupt.]

GILES, District Judge. In this case the register has certified the following question for my decision: "Can an attorney for the creditors be eligible to the office of an assignee?" There seems to be nothing in the act preventing the attorney for the creditors from being chosen and appointed assignee by the creditors; and when not otherwise objectionable, will be approved.

[It was decided in this case that the bankrupt was not entitled to any exemption in money (Case No. 8,149), and subsequently that upon the allegation of fraudulent preference the creditors were entitled to trial of issue by jury (Case No. 8,151).]